**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN RE: ASBESTOS LITIGATION**

| | |
|---|---|
| JACK E. TROUSDALE, and SANDRA TROUSDALE, his wife,<br><br>      Plaintiffs,<br><br>      v.<br><br>CERTAINTEED CORPORATION et al.,<br><br>      Defendants. | C.A. No. N15C-08-186 ASB |

August 17, 2017

*Upon Defendant CertainTeed's*
*Motion for Summary Judgment*
**GRANTED IN PART; DENIED IN PART.**

Plaintiffs Jack E. Trousdale, and his wife Sandra Trousdale (collectively "Plaintiffs") satisfied the summary judgment criteria.[1]

Plaintiffs filed an action against Defendant CertainTeed Corporation ("Defendant") alleging that Plaintiff Jack Trousdale ("Mr. Trousdale") was exposed to asbestos from Defendant's products. Plaintiffs contend that Mr. Trousdale

---

[1] Super. Ct. Civ. R. 56; *Smith v. Advanced Auto Parts, Inc.*, 2013 WL 6920864, at *3 (Del. Super. Dec. 30, 2013); *see Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979); *Nutt v. A.C. & S., Inc.*, 517 A.2d 690, 692 (Del. Super. Ct. 1986); *In re Asbestos Litigation (Helm)*, 2012 WL 3264925 (Del. Aug. 13, 2012).

purchased a flat-bed tractor trailer in 1972 to work as an independent truck driver, and as part of his job Mr. Trousdale shipped CertainTeed pipe. Plaintiffs claim that Mr. Trousdale drove to Defendant's Ambler, Pennsylvania facility and Defendant's personnel loaded asbestos-cement pipe onto the truck flatbed, which took approximately half an hour. Mr. Trousdale strapped the pipes down and put tarp over the pipes. Plaintiffs claim the pipes were dusty and "dust rose into the air as Mr. Trousdale removed placed, manipulated, and tightened the straps and tarps. At delivery Mr. Trousdale removed the straps and tarps, again raising dust, and folded the tarps." Plaintiffs claim that Mr. Trousdale repeated this process about fifty times, and the first twenty to thirty occurred between 1973 and 1977. Plaintiffs presented evidence that Defendant sold asbestos-cement pipe from Ambler, Pennsylvania from 1962 through 1982.

Defendant's first argument is that Mr. Trousdale's description of the pipes is inconsistent with CertainTeed asbestos cement pipe. Defendant contends that CertainTeed shipped pipe with couplings attached in order to join the pipes in the field, and Mr. Trousdale did not identify couplings on the pipes. Additionally, Defendant argues that CertainTeed asbestos-pipe did not have the word "asbestos" on the pipe, as Mr. Trousdale described in his deposition. At the onset, the Court notes that Plaintiffs met their product identification burden. Defendant's argument regarding the alleged discrepancies in Mr. Trousdale's description of Defendant's

asbestos pipes, and Defendant's description of the pipes, are issues of fact appropriate for the jury. Next, Defendant argues that Plaintiffs have not met their burden under Indiana law which requires that they prove Mr. Trousdale was exposed to Defendant's product and that product "produced a significant amount of asbestos dust and that the plaintiff might have inhaled the dust."[2] Defendant contends that "there is no evidence that the manner of contact described by Mr. Trousdale would have produced respirable asbestos much less in amounts as required under Indiana law." Defendant relies on an affidavit of Kyle Dotson to support this proposition. Mr. Dotson stated that a study performed by the Equitable Environmental Health in 1977 focused on asbestos levels during certain work practices with asbestos cement pipe. Mr. Dotson avers that the test showed that unloading and laying of pipe detected levels of asbestos ranging from non-detectable to a high of 0.03 f/cc (peak samples), which is one-tenth of the current OSHA Permissible Exposure Limit of 0.1 f/cc.

To avoid summary judgment under Indiana law, the plaintiff "must produce evidence sufficient to support an inference that he inhaled asbestos dust from the defendant's product."[3] "This inference can only be made if it is shown that the

---

[2] Defendant cites to *Fulk,* 755 N.E.2d 1198, 1203 (Ind. Ct. App. 2001).

[3] *Parks v. A.P. Green Indust., Inc.,* 754 N.E.2d 1052, 1056 (Ind. Ct. App. 2001) (quoting *Black v. ACandS,* 752 N.E.2d 148, 155 (Ind. Ct. App. 2001)), *abrogated on other grounds; see also Asbestos Corp. Ltd. V. Akaiwa,* 827 N.E.2d 1095, 1097 (Ind. Ct. App. 2007).

product, as it was used during the plaintiff's tenure at the job site, could possibly have produced a significant amount of asbestos dust and that the plaintiff might have inhaled the dust."[4] "However, an inference is not reasonable when it rests on no more than speculation or conjecture."[5] Plaintiffs demonstrated that Defendant produced asbestos cement pipe during the time frame Mr. Trousdale transported pipes on his flat-bed truck. Additionally, Mr. Trousdale testified that the pipes were dusty and the process created dust. Thus, Plaintiffs demonstrated that genuine disputes of material facts exist, and a reasonable jury could determine that his work produced a significant amount of asbestos dust pursuant to Indiana's causation standard. However, summary judgment for the claims against CertainTeed post 1982 are hereby **GRANTED.** Mr. Trousdale testified that he did not haul CertainTeed pipe out of another plant except for the one in Pennsylvania, and Defendant presented evidence that it stopped manufacturing asbestos cement pipe at the Ambler, Pennsylvania plant in 1982. Accordingly, Defendant's Motion for Summary Judgment is hereby **DENIED IN PART** and **GRANTED IN PART.**

**IT IS SO ORDERED.**

/s/ Calvin L. Scott

_____

The Honorable Calvin L. Scott, Jr.

---

[4] *Fulk v. AlliedSignal, Inc.*, 755 N.E.2d 1198, 1203 (Ind. Ct. App. 2001) (citing *Peerman v. Georgia-Pacific Corp.*, 35 F.3d 284, 287 (7th Cir. 1994)).
[5] *Parks*, 754 N.E.2d at 1056 (citations omitted).